

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00399-CR

**PAUL CRANSTON STEELE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court
Falls County, Texas
Trial Court No. 12-09271**

## ABATEMENT ORDER

On October 30, 2013, appellant, Paul Cranston Steele, was convicted of assault causing bodily injury-family violence, a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b) (West Supp. 2013). As a result of the conviction, the trial court assessed punishment at confinement in the county jail for one year. Subsequently, on November 13, 2013, appellant filed his notice of appeal in this Court. Because appellant did not file a motion for new trial in the trial court, the appellate record was originally due in this appeal on December 30, 2013. *See* TEX. R. APP. P. 35.2(a) (stating that the

appellate record must be filed in the appellate court within 60 days after the date "the sentence is imposed or suspended in open court or the order appealed from is signed" if a motion for new trial is not filed).[1]

On January 23, 2014, the Clerk of this Court notified the court reporter, Jonette C. Jackson, that the reporter's record had not been filed. In response to this letter, Jackson filed a motion for extension of time to file the reporter's record. We granted Jackson's motion for extension of time and ordered that the reporter's record be filed on March 26, 2014. Subsequently, on April 3, 2014, Jackson filed another motion for extension of time to file the reporter's record. In this motion, Jackson stated the following: "This record will be completed by May 3, 2014." Once again, we granted Jackson's motion for extension of time and ordered that the record be filed by May 5, 2014.

Jackson did not file the reporter's record by the May 5, 2014. Thereafter, on June 16, 2014, we sent Jackson another letter ordering her to contact this Court regarding this matter within ten days. Jackson did not respond within ten days of our June 16, 2014 letter. However, on July 1, 2014, Jackson filed a third motion for extension of time to file the reporter's record. Though she offered no explanation for the need for the extension, Jackson asserted in her July 1, 2014 motion that the "record will be completed by August 1, 2014."

It is the joint responsibility of this Court and the trial court to ensure that the appellate record is timely filed. *Id.* at R. 35.3(c). Further, this Court may enter any order necessary to ensure the timely filing of the appellate record. *Id.* Accordingly, we deny

---

[1] The clerk's record in this matter has been filed.

Jackson's third motion for extension of time, abate this appeal, and order the trial court to conduct a hearing as soon as practicable but not later than 14 days after the date of this abatement order to determine: (1) the reasons why the reporter's record is late; and (2) a date certain by when the reporter's record can be filed in a manner that does not further delay the prosecution of this appeal or have the practical effect of depriving appellant of his right of appeal.

The trial court must order Jackson to file the record by the date determined. Further, the trial court must inform Jackson of the consequences of failing to file the record by a date determined and ordered. Those consequences include:

(1) abating the proceeding again to the trial court for a contempt-of-court hearing;

(2) imposing a lump-sum monetary fine;

(3) imposing a daily fine for each day the record is late beyond the date previously determined by the trial court; and

(4) confinement in jail until the record is completed.

The trial court shall require the hearing to be transcribed. To the extent necessary or pertinent to obtaining compliance with the rules regarding preparation of the reporter's record, the trial court must: (1) prepare findings of fact and conclusions of law addressing the above issues; (2) require the preparation of a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in the matter; and (3) require the preparation of a reporter's record transcribing the evidence and arguments presented at the aforementioned

hearing. Additionally, the trial court's findings and orders must be provided to the trial court clerk within 7 days from the date of the hearing.

The trial court clerk is ORDERED to prepare and file a supplemental clerk's record containing the written findings and orders of the trial court in this Court within 14 days from the date of the hearing. Further, the trial court's official reporter is ORDERED to prepare and file with the Clerk of this Court a record of the hearing held, within 14 days from the date of the hearing.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Order issued and filed July 3, 2014
Do not publish
[CR25]